The Chief Justice
delivered the opinion.
This is an appeal prosecuted by the defendants from a judgment for the plaintiff, in an action of trespass for mesne profits.
On the trial in the court below, it appeared that William Coleman had recovered a judgment in ejectment against the defendants in this action, for a tract of land including the place where the alleged trespass was done; and that commissioners had been appointed under the occupying claimant law, but whether they had ever acted or not, was not shewn; but it appeared that a writ of habere facias possessionem had issued upon the judgment, in viriue w hereof Coltman was put into possession — that the writ of ha-bere facias possessionem had been afterwards quashed, and a writ of restitution awarded to the defendants, whereby the tenant of the plaintiff in this action, who claimed.by deed under Coleman, was turned out of possession, and the *518 defendants restored thereto: that the writ of restitution so awarded to the defendants had bien subsequent I) quashed; that from the judgment quashing the wri' oi restitution, an appeal was taken to this court, where the judgment was affirmed; and that after the defendants had been in pos* session about two years under the writ of restitution, they were again expelled and the plaintiff restored, when he brought this action. After the evidence, establishing the preceding facts, was gone through, the couusel for the defendants moved the court to instruct the jury as in case of a nonsuit, on the ground that by law an action for mesne profits could not be maintained by the plaintiff under the circumstances of this case; but the court overruled the motion, to which the plaintiffs excepted.
A deft in ejectment be-big evicted, restored ^ possession by an order liaberefacias anda writ of restitution, is action *of a" mesne profits from the original evic writ’of res.fr tution is quashed.
Whether the court below erred in not instructing the jury to find as in case of a nonsuit, is the only question the record presents worthy of any consideration,
That there was no error in the refusal of the court so to instruct the jury, there can, we think, be but little doubt, The record contains no intimation of the principles upon which the motion to instruct was founded, and the cause having been submitted without any suggestion upon the su4ecti we are RR to conjecture wbat those principles were. We cannot, however, imagine any principle which can afford even a pretest to justifv the instruction asked for. ^ost unquestionably, uP°n the principles of the common law, if a man be ousted of land, of which he is rightfully possessed, he may, after he regains the possession, though he cannot do it before, maintain an action of trespass for l^e mesne profils. It is true, that where the ouster is by one who himself had been previously ousted, as was the case ¡n this instance, it is necessary for the plaintiff, in order to maintain the action, to shew that he has title, and the plaintiff here had not deduced a title from the commonwealth, but be shewed a title from Coleman, and the judgment in ejectment was sufficient evidence of title in Coleman, or any one claiming under him, for the purpose of maintaining the action against the defendants, who were parties to that judgment. The circumstance of the defendants having entered under the writ of restitution awarded to them, cannot, we apprehend, be supposed to affect the plaintiffs’right of recovery; for that writ having been subsequently quashed, had been thereby annulled, and could not afterwards be set up as a justification of the en *519 try of the defendants, #r of their continuance of the possession under it.
The occupying claim-®nt¡'g^ renta grow. ⅛ between profi¿ arising after e-victwn;
Talbot for appellant, Bibb contra.
If a reliance be placed upon the ground that the act concerning occupying claimants has produced a remedy in sucb case, and that therefore the right to maintain an ac-lion at common law is taken away. We answer, that the provisions of the act do not extend to a case of this sort. For the act onlj provides a remedy for the rents which acCrue after judgment, and before an actual eviction has taken place; and in this case the action is brought to er the profits which accrued after the eviction. Besides, the defendants do not shew that they had any title either in law or equity, the foundation of which was of public record, and it is only to such a case that the provisions of the act concerning occupying claimants of land apply.
The judgment of the circuit court must be affirmed with costs and damages.